Dear Mr. Thompson:
Your request for an Attorney General Opinion was forwarded to me for research and reply. In particular, you have asked the following questions:
 1. What authority do levee district police have under La. R.S. 38:326 and their "Special Officer" commission by the Louisiana State Police?
 2. Are levee district police construed to be city, parish or state peace officers?
 3. Are levee district police responsible for law enforcement on the waters surrounding their respective districts?
 4. Does La. R.S. 38:326(C) adequately reflect the training requirements of the P.O.S.T. Council of Louisiana?
These questions will be answered in this order.
Under La. R.S. 38:326, levee district police officers are granted general power within the limited jurisdiction of their levee districts. Thus, they have the authority to arrest and enforce all laws within their particular districts. However, under La. R.S. 40:1379.1, the superintendent of the Louisiana State Police may, at his discretion, issue a special officer's commission upon a showing by the applicant that there is a need for statewide police power, that the applicant is bonded, and that the applicant conforms to all conditions of the special officer's commission. Levee district police officers who have received special officer commissions have the statewide power to arrest and enforce all laws, provided, however, that such officers are performing tasks directly related to the special officer's commission. That is, when outside of their districts, levee district police officers must be engaged in the activities for which they obtained the special officer's commission in the first place — otherwise, those officers will be regarded as private citizens outside of their districts (see subsection (B)).
Your second question was addressed in Attorney General Opinion No. 96-22, in which this office stated that a levee board police officer has the same powers as a state police trooper within the jurisdiction of the levee district. However, the state police are a distinct group which enjoys nearly unrestricted statewide police power, and having the same authority does not equal "the same as" (see Attorney General Opinion No. 93-719). Since the authority of municipal and parish officers is limited to those boundaries, levee district police would not fit into either of those categories. It is the opinion of this office that the levee district police are a distinct group of peace officers who, although they have a power analogous to state police officers within their districts, would not be construed to be either city, parish, or state peace officers. Rather, they are a specially-created group with limited jurisdiction and authority.
Your third question was answered by Attorney General Opinion No. 96-22, which held, ". . . the levee district police officer may enforce state laws on the surrounding waters of his levee district as LSA-R.S. 38:326(A) provides that the jurisdiction extends, `upon its surrounding waters'."
In response to your final question, subsection (C) of La. R.S. 38:326 makes no mention of the training requirements of the Police Officer's Standards and Training Council (P.O.S.T.). This provision does not give a complete description of training requirements, but is by no means defective. Whether this section should be amended to reflect P.O.S.T. requirements, however, is beyond the scope of this office, since that is a legislative function.
I hope this opinion adequately addresses your questions. If I may be of further assistance, please do not hesitate to contact my office. With warmest regards, I remain
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: __________________________ ELLISON C. TRAVIS Assistant Attorney General
Attachment
 Office of the Attorney General State of Louisiana Opinion No. 93-771 February 17, 1994
5 ARREST 63 LEVEE, DRAINAGE DISTRICT FLOOD CONTROL 60 LAW OFFICERS — AUTHORITY JURISDICTION 16 CRIMINAL LAW — CRIMES OFFENSES La. R.S. 38:326(A), La. R.S. 14:134
Levee police have primary responsibility for investigating crimes occurring within their jurisdiction. Levee police who do not perform their statutory duties may be charged with malfeasance in office. The Levee Board has discretion over whether to employ levee police, however, they may not limit the police powers.
Chief Robert D. Thompson, Jr. State of Louisiana Tensas Basin Levee District Office of Police 505 Richwood Road, #1 Monroe, Louisiana 71202-6875